UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re:                                            Bankruptcy No. 06-40615
Richard Victor Novack,

       Debtor.

---

Richard Victor Novack,

       Appellant,

v.                                                **MEMORANDUM OPINION AND ORDER**
                                                  Civil No. 06-2204 ADM

Thomas J. Wurst; Jasmine Z.
Keller, Chapter 13 Trustee;
and 2A Properties, LLC,

       Appellees.

---

Richard Victor Novack, *pro se*.

Kenneth Corey-Edstrom, Esq., Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, MN, on behalf of 2A Properties, LLC.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Appellant Richard Victor Novack's ("Novack") Appeal [Docket No. 1] of two Orders of United States Bankruptcy Judge Nancy C. Dreher: (1) Order Denying Debtor's Motion to Proceed on Expedited Basis and Denying Motion for Continuation of the Automatic Stay and Granting Motion for Order Confirming Termination of the Automatic Stay, and (2) Order Denying Debtor's Motion for Reconsideration. For the reasons set forth below, Novack's Appeal is denied.

## II.  BACKGROUND

On April 14, 2006, Novack filed a Chapter 13 Voluntary Petition with the United States Bankruptcy Court for the District of Minnesota.  On April 25, 2006, creditor Thomas J. Wurst ("Wurst") filed a Motion requesting relief from the automatic stay pursuant to 11 U.S.C. § 362(d), or in the alternative, for confirmation that the automatic stay would expire on May 14, 2006, pursuant to 11 U.S.C. §§ 362(c)(3)(A) and (j), to allow Wurst to evict Novack from his rented home.  On May 9, 2006, Novack filed a Motion requesting extension of the automatic stay pursuant to 11 U.S.C. §§ 362(c)(3)(B) and (c)(4)(B), arguing that his instant Petition was filed in good faith.  He also requested an "expedited hearing and shortening the notice time" to allow his Motion to be heard at the same time as Wurst's Motion, scheduled to be heard on May 11, 2006. Jasmine Z. Keller, the Chapter 13 Trustee, took no position on Novack's Motion, although she did note that Novack's Chapter 13 plan did not appear to be feasible.  Creditors Wurst and 2A Properties, LLC ("2A Properties") opposed Novack's Motion.

On May 12, 2006, Judge Dreher issued an Order denying Novack's Motion on procedural grounds.  Judge Dreher found that the 30 day expiration of automatic stay set forth in 11 U.S.C. § 362(c)(3)(A) applied because Novack previously filed a bankruptcy case that was pending and then dismissed within the one-year period preceding the commencement of the instant bankruptcy case.  Judge Dreher also found that Novack's notice of Motion was deficient because Novack filed his Motion only two days prior to the scheduled hearing and notice was given to only three of the twenty-eight creditors listed in his schedules.  Judge Dreher found no exigent circumstances warranting expedited relief.  Consequently, Judge Dreher denied Novack's request for expedited relief, denied Novack's Motion for continuation of the automatic stay, and

granted Wurst's Motion for confirmation of termination of the automatic stay pursuant to 11 U.S.C. §§ 362(c)(3)(A) and (j).

On May 15, 2006, Novack filed a Motion for Reconsideration and a Motion for Temporary Stay, which were denied by Judge Dreher on May 16, 2006. Novack then appealed Judge Dreher's denial of his Motions and grant of Wurst's Motion. 2A Properties filed a Motion [Docket No. 9] to enlarge the time period for filing a response to Novack's Appeal, arguing that Novack's Chapter 13 Plan might be dismissed at an upcoming hearing, rendering Novack's Appeal moot. Consequently, 2A Properties requested an extension until one week after the day the Bankruptcy Court's decision to dismiss Novack's Chapter 13 Plan became final and no longer appealable. This Court granted 2A Properties' Motion. Order [Docket No. 8]. In April 2007, Novack and 2A Properties notified the Court that Novack had converted his Chapter 13 bankruptcy case to Chapter 7, and consequently, his Appeal of Judge Dreher's Orders was ready for decision. Novack Letter [Docket No. 12]. Wurst is not a party to the Appeal. Novack Letter [Docket No. 3].

### III.  DISCUSSION

The standard of review in a bankruptcy appeal differs for questions of law and questions of fact. Questions of law are reviewed *de novo*, while findings of fact are reviewed on a clearly erroneous standard. In re Muncreif, 900 F.2d 1220, 1224 (8th Cir. 1990).

Novack's Appeal is denied and Judge Dreher's Orders are affirmed. First, relying on In re Toro-Arcila, 334 B.R. 224 (Bankr. S.D. Tex. 2005), Novack argues that Judge Dreher should have imposed a stay under 11 U.S.C. § 362(c)(4)(B). In Toro-Arcila, the judge concluded that 11 U.S.C. § 362(c)(4)(B) applies "to cases in which there is a timely request that the stay be

imposed, whether the case is the first repeat filing or a subsequent repeat filing," despite a "first blush" interpretation that § 362(c)(4) applies "only to multiple repeat filers and not to first-time repeat filers." In re Toro-Arcila, 334 B.R. at 226, 228. Other courts have disagreed with the reasoning and conclusion of Toro-Arcila. See In re Norman, 346 B.R. 181, 183-84 (Bankr. N.D.W. Va. 2006); Whitaker v. Baxter (In re Whitaker), 341 B.R. 336, 343-44 (Bankr. S.D. Ga. 2006).

In the Order denying Novack's Motion for Reconsideration, Judge Dreher concluded that the 11 U.S.C. § 362(c)(4) stay does not apply to Novack's case, and this Court agrees. The plain language of § 362(c)(4) indicates that it only applies to debtors who have "2 or more single or joint cases . . . pending within the previous year." 11 U.S.C. § 362(c)(4)(A)(i). Because Novack only had one bankruptcy case pending within the previous year, 11 U.S.C. § 362(c)(4) does not apply, and Novack can not avail himself of the stay provisions in § 362(c)(4)(B).

Second, Novack argues that Judge Dreher erred in concluding that his notice was deficient because he did not serve 25 of the creditors listed on his schedules. Novack relies on In re Collins, 334 B.R. 655 (Bankr. D. Minn. 2005), which does allow for service on only certain creditors. Collins, 334 B.R. at 659 ("These principles all dictate that the notice requisite for a motion under § 362(c)(3)(B) to extend the stay of § 362(c)(3)(A) is, at the very least, service on those individual creditors that the debtor would have subjected to the extended stay—and most prophylactically, on all creditors."). However, Collins also notes that "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. The

Court will not presume that the three creditors that received actual notice are the only interested parties.[1]  See id.  Judge Dreher did not err in concluding that Novack's Motion is defective as to the creditors that did not receive notice.

Third, Novack argues that Judge Dreher abused her discretion in denying the emergency motion and motion to shorten the notice time.  The Court finds that Judge Dreher correctly denied Novack's Motion for failure to provide sufficient notice.  Due Process requires that all creditors have "an adequate opportunity to review the motion, to evaluate their options, and to oppose the debtor via formal participation in the case if they so cho[o]se."  In re Taylor, 334 B.R. 660, 662 (Bankr. D. Minn. 2005).  Two days notice in advance of the hearing "is not reasonably calculated to apprise interested parties of the pendency of the motion and to afford them an opportunity to present their objections."  Id.

Fourth, Novack argues that Judge Dreher incorrectly interpreted § 362(c)(3)(A) as applying to all creditors rather than only those creditors who had an action pending against Novack.  11 U.S.C. § 362(c)(3)(A) states:

> [I]f a single or joint case is filed by or against [a] debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . . the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

Novack relies on In re Paschal, 337 B.R. 274, 280 (Bankr. E.D.N.C. 2006), in which Bankruptcy Judge A. Thomas Small concluded that the term "action taken" in 11 U.S.C. § 362(c)(3)(A)

---

[1] The Court's conclusion is bolstered by the fact that 2A Properties only received notice electronically—through its counsel that had filed a notice of appearance.  Novack did not serve 2A Properties, yet 2A Properties filed a response objecting to the extension of the automatic stay.

refers to "a formal action, such as a judicial, administrative, governmental, quasi-judicial, or other essentially formal activity or proceeding," that was taken by a creditor "prior to the filing of the debtor's bankruptcy petition." At least one other court disagrees with the conclusion of the Paschal court, and concludes instead that the term "action taken" "is not limited merely to creditors who have taken action prior to the filing of the current case." In re James, 358 B.R. 816, 821 (Bankr. S.D. Ga. 2007). This Court finds the reasoning of the James court to be persuasive. In order for 11 U.S.C. § 362(c)(3)(A) to apply and the automatic stay to terminate after 30 days, a creditor need not have taken a formal action against the debtor prior to the debtor's most recent bankruptcy filing. Furthermore, Wurst avers that he subsequently instituted a formal action against Novack in state court. The Court also finds Novack's arguments with respect to the term "the debtor" to be unavailing. Judge Dreher did not err in granting Wurst's Motion for confirmation of termination of the automatic stay pursuant to 11 U.S.C. §§ 362(c)(3)(A) and (j).

      Finally, Novack argues that the Bankruptcy Abuse Prevention Consumer Protection Act ("BAPCPA") of 2005 is confusing and conflicting. Although this may be the case, Novack has chosen to represent himself *pro se*, and the alleged confusing nature of BAPCPA is not grounds to overturn Judge Dreher's Orders.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Novack's Appeal [Docket No. 1] is **DENIED**;

2.  The Bankruptcy Court's Orders of May 12 and 16, 2006, are **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 16, 2007.